# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                          |   |               |
|--------------------------|---|---------------|
| TERRY JAY PENN,          | : | CIVIL ACTION  |
| Petitioner               | : |               |
| v.                       | : | NO. 09-5480   |
| GERALD ROZUM, et al,     | : |               |
| Respondents              | : |               |

HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Presently before the Court is a pro se Petition for Writ of Habeas Corpus filed by the Petitioner, Terry Jay Penn ("Petitioner"), pursuant to 28 U.S.C. section 2254. The Petitioner is currently incarcerated in the State Correctional Institution located in Somerset, Pennsylvania. For the reasons that follow, it is recommended that the Petition should be denied with prejudice and dismissed without an evidentiary hearing.

## I.    PROCEDURAL HISTORY [1]

On December 8, 2004, a jury, presided over by the Honorable Bernard A. Moore, found Petitioner guilty of multiple counts of burglary, theft, possession of an instrument of crime, conspiracy, and attempt. On January 24, 2005, following receipt of a presentence investigation report, Judge Moore sentenced

---

[1] This information is taken from the Petition for Writ of Habeas Corpus, the Response thereto, and the exhibits attached to those pleadings.

Petitioner to an aggregate term of fifteen to thirty years imprisonment for these crimes.

Petitioner filed a timely direct appeal from the judgment of sentence in the Superior Court of Pennsylvania. On October 14, 2005, the Superior Court denied Petitioner's direct appeal and affirmed the judgment of sentence. See Response, Ex. B; Commonwealth v. Penn, 889 A.2d 116 (Pa. Super. 2005). On March 17, 2006, the Pennsylvania Supreme Court denied the petition for allowance of appeal. See Response, Ex. C; Commonwealth v. Penn, 587 Pa. 689, 897 A.2d 454 (Pa. 2006)(table).

On March 7, 2007, Petitioner filed a pro se petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"). See 42 Pa. C.S.A. § 9541, et seq. See Response, Ex. D. Petitioner was appointed counsel and a hearing was conducted with respect to his PCRA petition on September 19, 2007. The PCRA petition was ultimately dismissed on October 15, 2007. See Response, Ex. E.

Petitioner appealed the PCRA court's dismissal to the Pennsylvania Superior Court, which affirmed the dismissal of the PCRA petition on July 3, 2008. See Response, Ex. G; Commonwealth v. Penn, 959 A.2d 971 (Pa. Super. 2008)(table). On November 26, 2008, the Pennsylvania Supreme Court denied the petition for allowance of appeal. See Response, Ex. H; Commonwealth v. Penn,

2

599 Pa. 709, 962 A.2d 1196 (Pa. 2008)(table).

Petitioner signed the instant Petition for Writ of Habeas Corpus on November 8, 2009, and it was filed with the Clerk of Court on November 16, 2009. Pursuant to the prison mailbox rule, this Court will consider the date of filing as November 8, 2009. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1997)(motion is deemed filed on date petitioner gave petition to prison officials to mail).

On November 24, 2009, this case was referred by the Honorable John R. Padova for preparation of a Report and Recommendation. On December 15, 2009, the undersigned entered an Order directing that the Clerk of Courts of Montgomery County forward copies of all records, including transcripts of notes of testimony at arraignment, pre-trial and suppression hearings, trial, sentencing, and post-conviction hearings and appeals; all trial and appellate briefs and petitions, all pleadings, and all court opinions of proceedings in connection with this matter. The state court record pertaining to Commonwealth v. Terry Jay Penn, Court of Common Pleas of Montgomery County, CP-46-CR-0006277-2003, CP-46-CR-0000498-2003, and CP-46-CR-0000450-2003, was received in chambers of the undersigned on December 22, 2009.

The Response was filed on January 15, 2010. Respondents contend that the Petition is time-barred, that the principles of equitable tolling do not apply to excuse the

untimeliness of the Petition, and that this case should be dismissed with prejudice and without an evidentiary hearing. Petitioner filed an Objection to the Commonwealth's Response to Petition's [sic] Writ of Habeas Corpus on January 25, 2010. Having reviewed the foregoing documents, as well as the entire state court record in this matter, we offer this Report and Recommendation.

**II.     DISCUSSION**

Petitioner's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was enacted April 24, 1996. Pub.L. 104-132, 110 Stat. 1214. Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, requires that federal courts give greater deference to a state court's legal determinations. The AEDPA also amended 28 U.S.C. section 2244, to require that a strict one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[2] In this case, the applicable starting point to examine

---

[2] 28 U.S.C. section 2244 requires that:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the
    conclusion of direct review or the expiration of the
    time for seeking such review;

4

the limitations period is the latest date on which the judgment of sentence became final, either by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1).

Petitioner's judgment of sentence became final on June 15, 2006, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for seeking discretionary review with the United States Supreme Court expired. See U.S. Supreme Court Rule 13. Accordingly, the one-year time limit for Petitioner to timely file a federal Petition for Writ of Habeas Corpus began on June 15, 2006. In the absence of any statutory or equitable tolling, Petitioner, therefore, would have been required to file his federal habeas petition on or before June 14, 2007. We note, however, that because the AEDPA's one-year statute of limitations is subject to both

---

(B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If direct review of a criminal conviction ended prior to the AEDPA's effective date, a prisoner has one year subsequent to the April 24, 1996 effective date to properly file a habeas action. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

statutory and equitable tolling, we must examine whether the instant Petition may be considered timely filed under either concept. 28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception).

    A.    <u>Statutory Tolling</u>

We note initially that Petitioner is not entitled to a new, extended deadline for the AEDPA's limitation period pursuant to 28 U.S.C. § 2244(d)(1). Petitioner does not allege, nor is there evidence to demonstrate that state action prevented the timely filing of his habeas action. 28 U.S.C. § 2244(d)(1)(B). Second, the claims alleged in the Petition do not rely on a new rule of federal constitutional law of retroactive application. 28 U.S.C. § 2244(d)(1)(C). Finally, Petitioner has not made a showing that the factual predicate of his claims was not discoverable through the exercise of due diligence long ago. 28 U.S.C. § 2244(d)(1)(D).

With respect to Petitioner's PCRA filing, we note that the limitations period will be statutorily tolled for the time during which a "properly filed" application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d)(2). However, if a PCRA petition is not timely filed,

it is not considered properly filed in order to toll the AEDPA one-year statutory time period. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Petitioner's PCRA petition was filed on March 7, 2007, during the running of the one-year habeas clock. Because 265 days of the one-year time period had elapsed, the clock was tolled with 100 days remaining before expiration. See Fed.R.Civ.P. 6(a)(1). On November 26, 2008, Petitioner's PCRA petition was no longer pending when the Pennsylvania Supreme Court denied his petition for allowance of appeal from the Superior Court's dismissal of his PCRA petition. Commonwealth v. Henry, 856 A.2d 832 (Pa. 2004). As a result, the one-year statutory period resumed on November 26, 2008, and expired 100 days later on March 5, 2009.[3]

The present Petition was filed on November 8, 2009, more than eight months after the period of limitation expired. It is statutorily time-barred.

B. Equitable Tolling.

This Court must next examine whether the AEDPA statute of limitations should be *equitably* tolled. Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)(citation omitted). The United States Court of Appeals for

---

[3] Even if we were to include the ninety days that Petitioner presumably would have had for seeking discretionary review with the United States Supreme Court, see U.S. Supreme Court Rule 13, his petition would still be untimely as it would have had to be filed by June 3, 2009.

7

the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)(citation omitted). The Petitioner "must show that he . . . 'exercised reasonable diligence in investigating and bringing [his] claims.' Mere excusable neglect is not sufficient." Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998)(quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) and citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

Courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999). The limitations period will be equitably tolled "only when the principle of equity would make the rigid application of a limitations period unfair." Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). However, if a PCRA petition is untimely, it is not considered properly filed in order to toll the AEDPA one-year statutory time period. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). For equitable tolling to apply, the Third Circuit has held that the petitioner has the burden to show he "diligently pursued his rights and that some extraordinary circumstance stood in his way." Satterfield, 434 F.3d at 195.

The Third Circuit has identified three circumstances in which equitable tolling may apply: "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Id. See also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)(citing Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)(citations omitted)).

Petitioner does not acknowledge that his instant habeas corpus Petition is untimely, nor does he assert any claims of equitable tolling. Moreover, based on our thorough review of the record in this matter, we conclude that Petitioner did not act in a reasonably diligent fashion because a reasonably diligent petitioner would have acted promptly to preserve his rights not only in the state court, but also in Federal Court. Petitioner fails to allege any steps that he took to timely file his federal habeas petition. None of the circumstances which warrant equitable tolling apply in this case to render the instant Petition timely. Fahy, 240 F.3d at 244. The Petition is time-barred, and must be denied with prejudice and dismissed without an evidentiary hearing.

    C.    Certificate of Appealability.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional

9

claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant Petition is time-barred. It is statutorily barred, and equitable tolling does not apply to this Petition.

For all of the above reasons, I make the following:

**RECOMMENDATION**

AND NOW, this 17th day of May, 2010, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED with prejudice and DISMISSED without an evidentiary hearing. There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to timely file objections may constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Henry S. Perkin*
HENRY S. PERKIN
United States Magistrate Judge