IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY JAY PENN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GERALD ROZUM, ET AL. | : | NO. 09-5480 |

## ORDER

**AND NOW**, this 10th day of June, 2010, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket No. 1), and after review of United States Magistrate Judge Henry Perkin's Report and Recommendation (Docket No. 8), and consideration of Petitioner's Objection to the Magistrate Judge's Report and Recommendation (Docket No. 10), **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objection is **OVERRULED**.

2. The Report and Recommendation of Judge Perkin is **APPROVED** and **ADOPTED**.[1]

---

[1] In his Objection to the Magistrate Judge's Report and Recommendation ("R & R"), Petitioner argues that the Magistrate Judge erred in recommending that his habeas petition is time-barred based on the fact that Petitioner mailed it to the Court several months after the one-year limitation period for the filing of his habeas petition had ended. See Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1) (setting forth one-year limitation period for the filing of habeas petitions). Specifically, Petitioner argues that the one-year limitation period should have been equitably tolled until the conclusion of his Post Conviction Relief Act ("PCRA") proceedings, because he is a "layman in the law," who has "no idea what he is doing." (Objection ¶ 1.) According to Petitioner, he believed that the law permitted him a full year after the denial of his PCRA petition to file his federal habeas petition, irrespective of how much time had passed between the entry of his final judgment of sentence and his timely filing of his PCRA petition.

In his R & R, Magistrate Judge Perkin acknowledged that AEDPA's limitation period is subject to equitable tolling, but noted that Petitioner had asserted no equitable tolling claim. He further recommended that, even if Petitioner had asserted such a claim, the record demonstrated that he had not acted in a reasonably diligent fashion in filing his habeas petition and, thus, was not entitled to equitable tolling. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (stating that the burden is on the petitioner "seeking equitable tolling . . . to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'"(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

As noted above, Petitioner asserts an equitable tolling claim in his Objection. The United States Court of Appeals for the Third Circuit has "cautioned . . . that courts should be sparing in their use of this doctrine." LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005) (citation omitted). Equitable tolling

3. The Petition for a Writ of Habeas Corpus is **DISMISSED**.

4. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrated that a reasonable jurist would debate the correctness of this ruling, the Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2).

5. The Clerk shall **CLOSE** this case statistically.

BY THE COURT:

/s/ John R. Padova, J.

_____
John R. Padova, J.

---

should only be applied "'in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice.'" Id. (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). "Mere excusable neglect is not sufficient," id. at 276 (citations omitted), and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir.1999); see also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); Merritt v. Blaine, 326 F.3d 157, 169-70 (no equitable tolling based on *pro se* petitioner's confusion regarding the law); Jones v. Morton, 195 F.3d 153, 160 (3d Cir. 1999) (finding that petitioner's misunderstanding of exhaustion requirements was insufficient to excuse petitioner's failure to comply with AEDPA's one-year filing requirement).

Applying these standards, we conclude that the Magistrate Judge did not err in recommending that Petitioner was not entitled to equitable tolling, because Petitioner's only argument is that he was ignorant of the law, which does not suffice to excuse an untimely Petition. Accordingly, we adopt the Magistrate Judge's R & R and overrule Petitioner's Objection.